NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL FOLEY,

           Plaintiff-Appellant,

  v.

KURT GRAHAM; KENNETH BOURNE;
DOUGLAS GILLESPIE; SILVIA
TEUTON; CLARK COUNTY DETENTION
CENTER; LAS VEGAS METROPOLITAN
POLICE DEPARTMENT; STEVEN
WOLFSON; STEVEN GRIERSON;
MERLE LOK; PATRICIA FOLEY; CLARK
COUNTY,

           Defendants-Appellees.

No.   21-15024

D.C. No. 2:16-cv-01871-JAD-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Michael Foley appeals pro se from the district court's judgment dismissing

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action arising out of his arrest and detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)). We affirm.

The district court properly dismissed Foley's claims against defendants Bourne and Graham because these defendants were entitled to qualified and absolute quasi-judicial immunity. *See Sharp v. County of Orange*, 871 F.3d 901, 916-17 (9th Cir. 2017) (setting forth qualified immunity analysis in the context of a claim of injury during the handcuffing process); *Coverdell v. Dep't of Soc. and Health Servs.*, 834 F.2d 758, 764-65 (9th Cir. 1987) (persons who faithfully execute valid court orders are entitled to absolute quasi-judicial immunity from liability for damages stemming from conduct authorized by the court order).

The district court properly dismissed Foley's claims against defendants Patricia Foley, Teuton, and Lok, because Foley failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (a claim has facial plausibility when the plaintiff pleads factual content allowing the reasonable inference that defendant is liable for the misconduct alleged; conclusory allegations are not entitled to a presumption of truth); *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) (quasi-judicial immunity extends to nonjudicial officers

performing official duties that are "functionally comparable to those of judges");

*Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are entitled to absolute judicial immunity from a damages action arising out of judicial acts).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009). We do not consider arguments incorporated by reference into the briefs. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (this court reviews only issues argued specifically in a party's opening brief); 9th Cir. R. 28-1(b) ("Parties must not append or incorporate by reference briefs submitted to the district court . . . or refer this Court to such briefs for the arguments on the merits of the appeal.").

**AFFIRMED.**